FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Wedpens Dorcainvil

(Enter above the full name of the plaintiff in this action)

COMPLAINT

V.

Stuart L. Peim, James Donnelly,

Theodore J. Romankow,

1 thru 9 John Doe, and 1 Jane Doe Sheriff Officers,

Jane Doe Court Reporter

(Enter the full name of the defendant of defendants in this action)

Civil Action No. _____

(To be supplied by the Clerk of the Court)

---

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of     $50.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

6.    If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis.  See 28 U.S.C. §1915.  (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed.  The Clerk will prepare and issue a copy of the summons for each defendant.  The copies of summonses and the copies of the complaint  which you have submitted will be forwarded  by the Clerk to the United States Marshal, who is responsible for service.  The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant.  If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.   Jurisdiction is asserted pursuant to (CHECK ONE)

   __✓__   42 U.S.C. §1983 (applies to state prisoners)

   ____   Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

   If you want to assert jurisdiction under different or additional statutes, list these below: *(see additional page attached)*

   _____

1b.   Indicate whether you are a prisoner or other confined person as follows:

   ✓ Pretrial detainee

   __ Civilly-committed detainee

   __ Immigration detainee

   __ Convicted and sentenced state prisoner

   __ Convicted and sentenced federal prisoner

   __ Other: (please explain)_____

## 1a.   Jurisdiction

This is a civil rights action filed by Wedpens Dorsainvil for damages and injunctive relief under 42 U.S.C. §1983, who was wrongfully convicted and falsely imprisoned in violations of the Eighth Amendment to the United States Constitution and of the Due Process Clause of the Fourteenth Amendment to the Constitution as a result of defendants deliberate acts in violating plaintiff's constitutional right to a fair and impartial trial by jury; Sixth Amendment of the United States Constitution and Article 1, Paragraph 10 of the New-Jersey Constitution

This action is filed pursuant to 42 USC §1983; in addition §§ 1985, 1331, 1334 and 18 USC 242[s] (The New Jersey Discrimination Act); and New Jersey Civil Rights Act (NJSA 10:62 and Article 1 section 1 and Article 1 section section 7 of the NJSC), well as local and state tort laws have been violated

Plaintiff has exhausted available administrative remedies through government agencies in attempt to find resolution.

Plaintiff brings this action in an attempt to obtain remedial solution to his problems through the courts. This court has jurisdiction over the subject matter and venue is proper.

2.     Previously Dismissed Federal Civil Actions or Appeals

       If you are proceeding in forma pauperis, list each civil action or appeal
       you have brought in a federal court while you were incarcerated or
       detained in any facility, that was dismissed as frivolous or malicious, or
       for failure to state a claim upon which relief may be granted. Please
       note that a prisoner who has on three or more prior occasions, while
       detained in any facility, brought an action or appeal in a federal court
       that was dismissed as frivolous or malicious, or for failure to state a
       claim upon which relief may be granted, will be denied in forma
       pauperis status unless that prisoner is under imminent danger of
       serious physical injury. See 28 U.S.C. § 1915(g).

a.     Parties to previous lawsuit:

       Plaintiff(s): _____

       _____

       Defendant(s):_____

       _____

b.     Court and docket number:_____

c.     Grounds for dismissal:  ( )    frivolous    ( ) malicious

                               ( )    failure to state a claim upon which relief
                                      may be granted

d.     Approximate date of filing lawsuit:_____

e.     Approximate date of disposition:_____

       If there is more than one civil action or appeal, describe the additional
       civil actions or appeals using this same format on separate sheets.

3.     Place of Present Confinement? _Union County Jail_____

4.     Parties

       (In item (a) below, place your name in the first blank and place your
       present address in the second blank. Do the same for additional
       Plaintiffs, if any.)

       a.    Name of plaintiff: _Wedpens Dorsainvil_____

Address: _15 Elizabethtown Plaza, Elizabeth, NJ 07207_

Inmate#: _216715 / SBI # 403430-C_

b.   First defendant:

Name: _Stuart L. Peim_

Official position: _Judge, Superior Court_

Place of employment: _Union County Courthouse,_
_2 Broad Street, Elizabeth, NJ 07202_

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

_Trial court judge ordered jurors to continue deliberating after two or more jurors engaged in a physical altercation, thus denying plaintiff his constitutional rights to trial by an impartial jury. Plaintiff subsequently was wrongfully convicted and wrongfully imprisoned because of deliberate acts on part of defendant. Being sued in individual capacity and official capacity_

c.   Second defendant:

Name: _James Donnelly_

Official position: _Assistant Prosecutor_

Place of employment: _Union County Prosecutors Office,_
_32 Rahway Avenue, Elizabeth, NJ 07207_

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

_Acted in conspiracy with the trial court judge and his superior to deliberately deprive plaintiff a fair trial before an impartial jury, and ostensibly forced two or more combative jurors to continue deliberations in order to obtain a verdict, causing plaintiff to suffer loss of liberty and irreparable damages. Being sued in individual capacity_

d.   If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

d. Third defendant:

Name: Theodore J. Romankow

Official Position: Prosecutor

Place of employment: Union County Prosecutors Office
32 Rahway Avenue, Elizabeth NJ 07207

How is this person involved in the case?

Acted in concert with subordinate and trial court judge to deny plaintiff of his constitutional rights to a fair trial by an impartial jury. Defendant was called upon to oversee and consult numerous times with his subordinate of the ongoing jury matters. Defendant was in the courtroom, have full knowledge of jurors engaging in a physical altercation during deliberations, and has the responsibility within his jurisdiction to advise and apply the proper corrective measures but willfully refuses to act without just cause or excuses. Being sued in individual capacity

e. Fourth defendant:

Name: 1-9 John Doe, and 1 Jane Doe

Official position: Sheriff Officers

Place of employment: Union County Sheriff's Department
10 Elizabethtown Plaza, Elizabeth, NJ 07207

How is this person involved in the case?

There were numerous deputy Sheriffs in the courtroom also witnessing multiple acts of misconduct, though their names are not known to plaintiff at this moment i yet verifyable through court documents as of their presence during the proceedings

The Deputy Sheriff at a few times had spoken to the defendant concerning the violent incidents that occurred amongst the jurors, thus indicating their direct involvements in the court proceedings. They witnessed what was said by the Defendant, Judge Perm, concerning the jurors altercation and the charge that they continue to deliberate after the heated altercation. One of the jurors was taken from the jury room by an Officer. (verifyable through transcript)

f. Fifth defendant:

Name: Jane Doe

Official Position: Court Clerk / stenographer

Place of employment: Union County Superior Courthouse
2 Broad Street. Elizabeth, NJ 07202

How is this person involved in the case?

The Court Clerk is responsible for recording the trial dates
proceedings. The trial dates of July 8 and 9, 2009, were recorded
by both a court reporter and audio tape. As she went on
and off record she witnessed what was said by the defendant.
Judge Perm, concerning the jurors altercation and the charge
that they continue to deliberate after the heated altercation.
Court Clerk also provided plaintiff with a copy of the unsigned
juror note to show its significance but was not read or
reported into the record

5.    I previously have sought informal or formal relief from the appropriate
      administrative officials regarding the acts complained of in the
      Statement of Claims on page 6.

      __✓__ Yes      _____ No

      If your answer is "Yes," briefly describe the steps taken, including how
      relief was sought, from whom you sought relief, and the results.

      _an Amended Notice of Appeal was filed on or about_
      _October 10, 2010 to the Superior Court of New Jersey Appellate_
      _Division. On May 2, 2014, on direct appeal Court reverses_
      _appellants conviction and remands case for a new trial._
      _( Approved for publication_

      If your answer is "No," briefly explain why administrative remedies
      were not exhausted.

      _____

      _____

      _____

      _____

6.    Statement of Claims

      (State here as briefly as possible the facts of your case. Describe how
      each defendant violated your rights, giving dates and places. If you do
      not specify how each defendant violated your rights and the date(s)
      and place of the violations, your complaint may be dismissed. Include
      also the names of other persons who are involved, including dates and
      places. Do not give any legal arguments or cite any cases or statutes.
      If you intend to allege a number of related claims, number and set
      forth each claim in a separate paragraph. Use as much space as you
      need. Attach a separate sheet if necessary.)

      1.  _A Union County Grand Jury filed Superceding Indictment No._
          _07-11-1010 on or about November 30, 2007, charging_
          _plaintiff, Wedpens Dorsainvil, with numerous counts of felony_
          _crimes._

      2.  _Plaintiff requests a trial by jury_

      3.  _On October 31, 2008 a Motion to Dismiss the Indictment_
          _was heard and denied before the Defendant, Stuart L. Peim_

4. The Plaintiff was tried before Defendant Peim, and a jury over a period of eight days.

5. On July 10, 2009 the jury acquitted the Plaintiff of murder (Count 1) and returned guilty verdicts on the remaining counts of the indictment.

6. On October 23, 2009 Defendant Peim sentences Plaintiff to New Jersey State Prison (NJSP), a maximum security prison, to an aggregated term of Forty-five years, subject to the 85% parole ineligibility restriction and subsequent five year period of parole supervision mandated by NERA.

7. An Amended Notice of Appeal was filed on or about October 10, 2010 requesting relief

8. "A mistrial should have been declared when two jurors engaged in a physical altercation during deliberations."

9. On the second day of deliberations, July 9, 2009, after the lunch recess the jury announced it was deadlocked on every count.

10. The Defendant, Peim, responded by giving the standard charge to continue deliberations and attempt to reach a unanimous verdict. Time noted was 2:30 p.m.

11. Shortly thereafter, a Sheriff's Officer answered a knock on the jury room door to send out a note.

12. The Officer observed a "heated argument" between two jurors that seemed to be escalating.

13. One of the participants asked to go out for a cigarette break to which the Officer agreed in order to calm things down.

14. The content of the unsigned note that had been sent out was not read into the record.

7. Relief          (seperate sheets attached)

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff requests that this court grant the following relief

A. Adjudge and declare that the defendants did violate plaintiff's Sixth Amendment Constitution right to a trial by an impartial jury. Plaintiff is stating these inequities thus inflicted upon him

## Statement of Claims

(cont.)

15. Plaintiff requests the Defendant Peim to insure who wrote the unsigned jury note.

16. The Defendant instead responded by admonishing the jurors "to treat each other in a courteous and respectful manner." The time noted was 3:36 pm.

17. The jury then wrote another note requesting to stop at 4:30 p.m and resume the next day.

18. Immediately after sending this note, a Sheriff's Officer heard "loud banging" on the jury room door.

19. Plaintiff and Defense Counsel also heard this "loud banging."

20. The Officers responded. Once inside, the Officers were forced to intervene and physically seperate three jurors.

21. one of whom reported being threatened, accosted, and assaulted by a fellow juror.

22. When Juror #8 said that another juror wanted to fight her in the bathroom, the Officer escorted her out into the hallway.

23. The Juror said that she had been slapped by another woman who was wearing a pink shirt and who had been involved in an earlier argument with another juror.

24. This intervention by the Sheriff's Officers occurred immediately after or contemporaneous with the jury's report that it was "hopelessly deadlocked... finding it impossible to make further progress to make a unanimous decision on any Count"; and the unsigned jury note.

25. It is thus reasonable to conclude that the violent episode may have had some casual relationship to the impasse. Although Plaintiff do not know exartly what caused these violent acts, Plaintiff know what occurred was not merely a passionate exchange of conflicting views.

26. One of the Officers who entered the jury room described seeing "a heated argument between two jurors." Although he "asked them to please just sit down.... the argument escalated." (Emphasis added)

## Statement of Claims

27. The intervention of law enforcement officers not only failed to stop or reduce the intensity of the argument, but the quarrel actually "escalated" after their response.

28. The Sheriff's Officers who responded to the jury room were also uncertain about the number of jurors involved in the melee. One Officer described witnessing an argument "between three parties."

29. When Defendant Peim asked one of the Officers to identify the gender of the juror who had allegedly "slapped" Juror 8. the Officer responded, "That would be a woman. She was involved in the first thing that happened. This was with a different juror."

30. From this record, it is clear Defendant Peim as a trial judge had sufficient grounds at the time to find probable cause that one juror had threatened to commit physical harm against a fellow juror

31. and another juror may have actually physically assaulted a fellow juror, all in the course of deliberations.

32. The Defendant Peim's attempts to restore order and respect to the deliberative process through supplemental instructions where wholly and facially ineffective given the level of violent discord that had occurred up to that point.

33. Under the circumstances, no reasonable juror could have been expected to remain unaffected by the violence and chaos that permeated the deliberative process

34. Defense Counsel expressed concern with the jury continuing deliberations in light of the "volatile situation".

35. Defense Counsel asked the Defendant Peim to inquire into exactly what took place but to caution the jurors against any improper disclosures in regard to the deliberations.

36. At the same time, there was a pending recusal by Juror "16

## Statement of Claims

to be excused because he had vacation plans to fly to the
Bahamas the next morning. The Defendant resolved the
issue by ordering the juror to return the next day to
continue with deliberations.

37. Although each juror was questioned individually whether they
could continue with deliberations despite the altercation,
Defendant Peim first told the juror:
I am ordering you, not suggesting, not directing, ordering
you to come back tomorrow at 9 o'clock. I want you
to fully deliberate and discuss anything you needs to be
discussed in an effort to come to a consensus and resolution
of this case, but I'm also ordering each of you that it is
necessary - and that you treat each other with courtesy and
respect and that means no yelling, no screaming at each
other, no implicit or explicit threats. No implicit or
explicit suggestions that anything physical is going to go
on. (Emphasis added)

38. Regarding the civility restraining order, the Defendant
concluded with the following admonition:
And I am telling you all that if there is a violation of
that court order I am going to take appropriate action
(Emphasis added)

39. And then, the Defendant asked each juror, "Would you
be able to follow those directions and continue fully
deliberating the matter?"

40. When one juror responded that he believed," that it would
be extremely difficult for this jury to do that," (emphasis added)
the Defendant told him that did not answer the question.
The juror then responded that he could continue.

41. The most significant deviation from what the Defendant
expected occurred after he finished instructing
Juror 8.

42. When Defendant Peim asked Juror #8, the woman who had

## Statement of Claims

been slapped and threatened, if she could continue serving. She answered:
Honestly? No, not after I just got hit in there. I can't do it. (Emphasis added)

43. Defendant Peim asked the juror to step outside in the hallway to finish addressing the remaining jurors

44. The record reflects that Juror 16 "was brought out into the courtroom."
Defendant Peim: Are you able to deliberate tomorrow?
Juror 16: No. No, sir.
Defendant Peim: What if I told you you have to come back here tomorrow and continue to deliberate?
Juror 16: I guess I would have no choice
Defendant Peim: Alright. Go back in the jury room for a minute.

45. It is absolutely imperative for trial judges to appreciate how their most "subtle behavior" can have a great and unintended coercive effect on a juror. State v. Figueroa, 190 N.J. 219, 228 (2007)

46. Defendant Peim finished addressing the remaining jurors and then recalled Juror #8. After repeating the "order" to act civilly, the Defendant returned to the question of this juror's ability to resume deliberations.
The Defendant: With that being said, would you be able to continue deliberations in the case?
Juror 8: If you're ordering me back, yes, I will do it, but --
the Defendant: Well, but --
Juror 8: I can do it fairly. That's not -- that's not my problem.
The Defendant: No, no, no, that's not what I'm -- but -- what I'm asking you is would you be able to continue your deliberations and fully discuss anything that you think is

Statement of Claims

appropriate to discuss, would you be able to take
and stand by any position that you think
that you need to stand by? Yes?
Juror 8 : Yes.

47. When she responded: "I can do it fairly. That's not --
my problem.", the Defendant seemed baffled and
frustrated by her response.

48. This colloquy between Juror 8 and the Defendant
captured the essence of the futility of any attempt to
impose civility and respect in the deliberative process
by the threat of judicial sanctions.

49. The Defendant then ordered the jurors to return the
next day to continue deliberation under the threat of
contempt.

50. The following day, Plaintiff unsuccessfully moved for a
mistrial due to the hostile interaction between certain
jurors.

51. The Defendant was wrong to not declare a mistrial when
the confrontational atmosphere in the jury room erupted
into an altercation.

52. Both the Sixth Amendment of the United States Constitution
and Article I, Paragraph 16 of the New Jersey Constitution
guarantee criminal defendants the right to trial by an
impartial jury. Plaintiff was deprived of that right.

53. The core of that right entitles a defendant to an
untrammeled jury verdict based solely on the evidence
presented at trial and free from the taint of outside
influences and extraneous matters. State v. Figueroa, 190 N.J.
219, 232-33 (2007); State v. R.D. 169 N.J. 551, 557 (2001)

54. To protect this right, the New Jersey courts have
"disapproved even subtle intrusions into the neutral area
of jury deliberations." State v. Czachor, 82 N.J. 392,
400 (1980)

Statement of Claims

55. Here, when the Defendant's colloquy with jurors after altercation is evaluated it is evident that the Defendant's words were inherently coercive. First, the Defendant issued an "order" to that he or she return the next day to deliberate. Then, the Defendant asked if the juror could continue in a manner worded to compel agreement.

56. Our Supreme Court has repeatedly confirmed the value of preserving a jury's independence from extraneous - even judicial - influences. The capacity of a judge to affect a jury, even subtly and indirectly, is great.

57. Because a judge occupies a high position, the jury can be easily influenced by the slightest suggestion coming from the Defendant.

58. The proper course for a trial court faced with a biased and disruptive juror during deliberations is to remove the entire jury and declare a mistrial.

59. A mistrial is an extraordinary remedy that should be used only to prevent a manifest injustice.

60. The decision to grant or deny a motion for mistrial is within the discretion of the trial judge and review will be limited to an abuse of discretion. State v. Witte, 13 N.J. 598, 611 (1953)

61. It is asserted that such an abuse of discretion occurred here. First, after recieving the unsigned jury note, the Defendant failed to read the content of the note into the record, nor mark it with a customary "C" exhibit designation to determine its significance.

62. Second, the Defendant denied Plaintiff's reasuest to make a proper inosurey into who wrote the unsigned jury note.

63. Third, Defendant failed to make a proper inosurey into exactly what took place that resulted in a fight and threats as to determine taint. The Defendant relied upon court officers to relate the incident, and failed to make

## Statement of Claims

a direct injury of the jurors involved. As a result, the Plaintiff cannot argue for a mistrial citing specific details of the jury room confrontation.

64. Fourth, the Defendant ostensibly forced two or more combative jurors to continue deliberations in order to obtain a verdict. Thus denying Plaintiff his constitutional rights to a trial by a fair and impartial jury.

65. On July 10, 2009, Defendant Peim denied Plaintiff's **Motion** for a Mistrial, based on his finding "each and every juror indicated they could fully, completely, freely, and thoroughly deliberate, and I have no reason to believe that that is not what they are doing."

66. Defendant James Donnelly claims the Defendant Peim properly exercised his discretion in responding to the problems that arose among certain jurors and appropriately determined that "each juror could continue to fully and completely deliberate."

67. When Defense Counsel reminded Defendant Peim that Juror 8 was the alleged victim of the assault, not the aggressor, Defendant Donnelly, however, was unmoved by this distinction and insisted the Defendant Peim make clear to Juror 8 her obligation under the civility code to deliberate

68. Defendant Donelley suggested Defendant Peim bring the deliberating jurors back to the courtroom and instruct again on the need to be respectful to one another. Alternately ordering the jurors to deliberate in a respectful manner under penalty of being held in contempt

69. In the Defendant Donnelly's own words: "If your Honor was to order them and say to them, you are instructed... If you violate the order you going to be subject to a contempt charge."

10. As a direct deliberate acts on part of Defendant Donnelly. Plaintiff was wrongfully convicted and wrongfully imprisoned as a result of his constitutional violations and due process laws. Sixth and Eighth Amendment of the United States Constitution.

11. Plaintiff also wishes to notify the Courts that Defendant Theodore Romankow is the Prosecutor of Union County and he is the chief law enforcement officer of the county.

12. Defendant Romankow's name is on the indictment and he was present during jury deliberations to consult numerous times with his subordinate Defendant Donnelly, in the courtroom having full knowledge of the jury alteration.

13. Defendant Romankow exhibited deliberate indifference to the constitutional rights of Plaintiff by failing to act on information that unconstitution acts were occurring and was grossly negligent in supervising subordinate who committed the wrongful acts.

14. Defendant is fully aware of the misconduct on part of his subordinate objecting to plaintiff's Motion for a Mistrial and turns a "blind eye" to the iniquities thus set forth in violation of Plaintiff's constitutional right to a trial by a fair and impartial jury

15. Defendant's continuing presence and conference with subordinate in the courtroom after juror altercation suggests that he was in complete knowledge of plaintiff's constitution rights violations, yet these are deliberately overlooked by the authoritive defendant.

16. Defendant Romankow participated directly in the plaintiff's constitutional violation by conspiring with Defendant Peim and Defendant Donnelly to order jurors to continue in their deliberations after juror altercations, until a verdict is reached

Statement of Claims

17. And the Defendants herein did so in order to come to a quick more favorable conclusion that Plaintiff committed crime in violation of Due Process Equal Protection of the laws. (First and Fourteenth Amendment of the United States Constitution; also 42 USC § 1983, 1985, 1331, 1334

18. Plaintiff holds Defendant Romankow responsible for he has the responsibility within his jurisdiction to advise and apply the proper corrective measures (to his subordinate) but willfully failed to act, refused to act without just cause or excuses. For his actions and inactions, he is neglectful in carrying out his duties without regard to whether his action and neglect violated Plaintiffs constitutional rights; as he failed to act reasonably to avert it.

19. Defendant Romankow is an official that satisfies the personal responsibility requirement under 1983. If the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent

20. Plaintiff has no doubt in his mind that after seeing many taints in the jury's deliberative process the Defendants acted in conspiracy to allow deliberations to continue in violations of the Sixth Amendment of the United States Constitution; Article 1, Paragraph 10 of the New Jersey Constitution, and of NJSA 2C:30-2 Official Misconduct, Malicious Prosecution, and many other state and or tort laws

21. As a direct result of Defendants deliberate indifference Plaintiff suffered further injuries in loss of freedom from wrongful conviction and wrongful imprisonment, and irreparable damages, and other harm in violation of the Eighth and Fourteenth Amendment of the United States Constitution

Statement of Claims

82. The trial court sentenced Plaintiff to an aggregated term of forty-five years, subject to the 85% parole inelegibility restriction, to New Jersey State Prison (formerly known as Trenton Prison) a maximum security prison in violations of Due Process Equal Protection of the laws and the Eighth Amendment of the United States Consti tution to be free from cruel and unusual punishment.

83. Plaintiff was wrongfully imprisoned for five years, while on appeal: as a direct deliberate acts on part of the Defendants listed here in.(from July 10,2009 - June 20. 2014)

84. To emphasize the dangerousness of the prison environment, the elements of damage sustained by the Plaintiff to the present time:
   1. Embarassment, humiliation or mortification
   2. Fright and shock
   3. Mental anguish
   4. Psychological torture
   5. Emotional Stress
   6. Physical Injury and irrepairable damages.

85. During the wrongful imprisonment Plaintiff was exposed to tuberculosis in January 2012 and was administered toxic medications for ten months for the treatment of the infection.

86. During the wrongful imprisonment Plaintiff also suffered stroke-like symptoms on or about December 19, 2012 in which his cranial nerve was inflamed, resulting in one side of his face to be paralyzed. Due to an untimely responsive manner of the prison's medical department and lack of medical treatment, Plantiff was denied any physical therapy and denied repeated requests to see a physician to determine the severity of nerve damage.

Statement of Claims

87. Plaintiff has not made a full recovery and was told by the prison's medical practitioner that damages are permanent, despite repeated requests for physical therapy and denied requests to see a physician.

88. Plaintiff sought relief from the Superior Court of New Jersey Appellate Division for his wrongful conviction and wrongful imprisonment due in part of Defendants deprivation of Plaintiffs constitutional rights to a trial by a fair and impartial jury.

89. On May 2, 2014 Appellate Court reversed Plaintiff's criminal conviction, saying in a published opinion that a physical fight between deliberating jurors and the court-mandated civility code that the fight inspired rendered the verdict unreliable.

90. The three-judge panel found that the Union County trial court committed reversible error in the case when it refused Plaintiffs motion for a mistrial based on an apparent altercation between at least two jurors.

91. "A physical altercation between two or more deliberating jurors constitutes an irreparable breakdown in the civility and decorum expected to dominate the deliberative process," the opinion said. "A verdict tainted by such an inherently coercive and chaotic environment is an affront to any notion of civilized justice and cannot stand as a matter of law."

92. According to the appellate court the supplemental instructions issued by Defendant Peim to restore order and civility following the incident that jurors refrain from yelling, raising their voices or threatening each other implicitly or explicitly were "ineffective and served only to exacerbate the coercive atmosphere created by the violence that preceded it."

93. Defendant Peim had warned jurors that he would take

Statement of Claims

appropriate action if any of them violated that order.

94. "No reasonable juror can be expected to perform his or her duties as impartial judges of the evidence adduced at trial under the sweeping court-ordered civility code imposed by the trial court in this case," the opinion said.

95. The civility code instructions were so ambiguous that they made enforcement impossible and "places the judge in the middle of an intentionally cloistered environment.... In short, this is a completely impractical, utterly unworkable approach that impermissibly transforms the judge into an interloper at the center of jury deliberations," the opinion said.

96. According to the appellate court, any alleged violation of this court order "would require the judge to adjudicate the dispute and impose the appropriate sanction if warranted. This would presumably require the judge to conduct some kind of hearing to determine the veracity of the accuser," which could mean an accused juror calling other jurors as witnesses.

97. The appellate court concluded its opinion with: "When violence intrudes into the deliberative process in any form and to any degree, a trial judge must take immediate action to investigate what occurred, not only to determine whether a defendant's right to a fair and impartial trial has been compromised, but also to ensure the safety and security of all involved. Our courthouses are the citadels of justice. A courtroom is a forum governed by reason and invulnerable to intimidation because of it."

98. The right to a jury trial in criminal matters is one of the founding principle of our Republic and is guaranteed by both the Sixth Amendment of the

## Statement of Claims

Constitution of the United States and Article 1.
Paragraph 10 of the New Jersey Constitution.

99. As the guardian of that guarantee, the trial judge
is entrusted with the responsibility of controlling
courtroom proceedings and is bound by the law
and the rules of the court. State v. Tedesco, 214
N.J. 177, 188-89 (2013)

100. A jury verdict must be guided by the correct legal
instructions from the trial judge and unaffected by
matters extraneous to the evidence presented at
trial. The role of the jury as the judges of facts is
predicated on the integrity of the deliberative
process. Although granting a mistrial in a criminal
cause is "is an extraordinary remedy." the trial judge
is bound to grant this relief when it is necessary" to
prevent an obvious failure of justice '" State v. Yough,
208 N.J. 385, 397 (2011) (Quoting State v. Harvey, 151 N.J.
117, 205 (1997)

101. In the instant case Defendant Peim failed to grant
a mistrial in order to prevent a failure of justice.
Instead he acted in concert with Defendant Donnelly
and Defendant Romankow and ordered the jury to
continue deliberations after a physical altercation
in violation of Plaintiff's constitutional rights of a fair
and impartial trial by jury, in order to obtain a more
favorable verdict.

102. Plaintiff was wrongfully convicted and falsely
imprisoned for 5 years as a direct deliberate acts on
part of the defendants listed herein who deprived plaintiff
of his rights under the United States Constitution
which guarantees Due Process Equal Protection of the
laws and the Eighth Amendment of the United States
Constitution to be free from cruel and unusual punishment

Statement of Claims

103. Allegations of facts constituting a deprivation under color of state authority, of rights guaranteed by the Fourteenth Amendment satisfy requirements of statute making any person who, under color of any statute, ordinance, etc. deprives any citizen of the United States or other person within the jurisdiction of the United States of his constitutional rights liable to party injured. USCA. Constitution Amendment 4, 14: IIA, Illinois Constitution Article 2 & 6; 42 USC 1983

104. All defendants herein acted under color of state law or territorial law

105. Provisions of the state and federal constitutions are laws which must be obeyed and enforced by the policeman; when they are not, that failure is the breach of duty imposed on all public officials
State v. Stevens, 203 NJ Super. 59, 495 A. 2d 910 (L. 1984)
municipal corporations 189 (1)

106. Willful neglect of duties created by departmental rules and regulations does not suffice to hold a duty enjoined by law. To be punishable, the officials neglect must concern duties created by statute or found in the common law. (State v. Duble, 172 Super. 72, 410 A.2d 1173 (A.D. 1979)
(OFFICERS and Public Employees 12 11

107. Plaintiff alleges that Defendants Donnelly and Romankow are in violation of NJSA 2C:30-2 Official Misconduct, because of willful deliberate actions and non actions which has caused Plaintiffs constitutional right to a fair trial by jury to be infringed resulting in severe mental anguish, loss of liberty, False imprisonment, emotional distress, pyschological torture, personal injury causing lasting or permanent harm, and irreparable damages in which these causes of actions have deprived plaintiff of his constitutional rights

## Statement of Claims

108. Congress has the power to enforce the Fourteenth Amendment against those who carry badge of authority of state and represents in some capacity whether they act in with their authority or misuse it. USCA Constitutional Amendment Fourteen

109. Plantiff is aware that Judges and Prosecutors has absolute immunity from civil liability under 18 USC 242[S] however, this court has jurisdiction which he can remedy his claim.

110. Defendants herein are all in official capacity and are fully familiar with the United States Constitution, and New Jersey Constitution, the laws of constitutional rights governing a right to a fair jury trial and have been trained in their fields of education, so they have no excuse to why they diliberately did not declare a mistrial after the physical altercation between two or more jurors.

111. Officials are expected to use common sense in assessing their legal obligations. If an infringement of rights is extreme, sweeping or obvious, those responsible for it are not immune even if there is no prior factually similar case.

112. Defendants are in violation of 42 USC 1983 that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or cause to be subjected any person within the jurisdiction of the United States to be deprived of any rights, priveleges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Statement of Claims

113. The deliberate indifferent actions of defendant Peim, Donnelly, and Romankow have violated plaintiff's constitutional rights and caused his to suffer loss of freedom, wrongful imprisonment, mental anguish, sleepless nights, psychological torture, physical injury to the exposure of tuberculosis while wrongfully imprisoned, physical injury resulting in nerve damages causing lasting or permanent harm sustained while wrongfully imprisoned, emotional stress, loss of freedom to accompany family and the world persons as well as plaintiffs constitutional rights to be free from cruel and unusual punishments, Due Process Equal Protection of the laws: First, Sixth, Eighth, and Fourteenth Amendments of the United States of America have been violated in a very diminished capacity.

114. The individual defendants herein were at all times relevant to employees of the Union County Superior Courthouse and the Union County Prosecutors Office and were acting under color of state law and municipal law

115. Defendants are "persons" within the meaning of New Jersey Civil Rights Act (NJSA 10:6-2) and acted under color of state law and municipal law.

116. Plaintiff realleges all the allegations of the paragraphs 1 thru 115 and infers that his constitutional rights have been violated by the defendants as set forth in this complaint.

7. All of plaintiff's allegations in his complaint are thus supported through discovery, trial transcripts, records, reports, statements, Appellate Division's published opinion, extrinsic evidence, documents, material factual evidence.

## 7. Relief

(cont.)

    indifference to plaintiff's constitutional right to trial by an
impartial jury and in violation of Due Process Equal Protection
of the law and the right to be free from cruel and unusual
punishment (Due Process Clauses)

    2. Plaintiff seperately and in addition seeks monetary damages for
his physical injuries of being exposed to tuberculosis and contracting
an infection during his wrongful imprisonment.

    3. Plaintiff seperately and in addition seeks monetary damages for
his physical injuries in incurring Bell's Palsy and irrepairable
nerve damage causing lasting or permanent harm, due to high
stress levels of being falsely imprisoned.

B.  Adjudge and declare that Defendant Peim and Donnelly exhibited
deliberate indifference to plaintiff's Sixth Amendment constitutional
right and have acted in concert to deprive plaintiff of his constitutional
rights to be free from wrongful imprisonment in violation of the Eighth
Amendment of the United States Constitution, Resulting in plaintiff's
loss of liberty for the five years imprisoned in New Jersey State
Prison, a maximum security prison.

C.  Adjudge and declare that Defendant Romankow infringed on plaintiff's
constitutional right to trial by an impartial jury, and
contributed to plaintiff's loss of liberty.

D.  Award money damages for plaintiff's loss of freedom, mental and
emotional injuries, pain and suffering, and irrepairable damages
suffered during his imprisonment as a result of his constitutional
violations.

    1. Monetary damages in the amount of $3,000,000
(three million dollars). $500 a day for each day plaintiff
spent injured in loss of liberty from each defendant.

    2. Award $400,000 jointly and severally for the physical injuries
causing lasting or permanent harm and emotional injuries sustained

7. Relief

during plaintiffs wrongful imprisonment

E. Punitive damages in the amount of $250,000 each in their individual and official capacity.

F. Injunctive Relief
1. Plaintiff request that the honorable courts vacate the sentence that has been inslated by the defendant's court in which was in violation of multiple constitutional rights, including the rights of Due Process and a right to a fair and impartial trial by jury.
Plaintiff has suffered immensely in a very diminished capacity in direct result of the defendants iniquities (as set forth in the complaint herein). Plaintiff has and always will suffer because of the wrongful actions of the defendants in which effected the natural outcome of the jury decision.
Plaintiff requests that he be released from confinement as he has already served nearly nine years, (five while awaiting appeal), and is still presently incarcerated.
2. Furthermore, plaintiff asks for a temporary restraining order to prevent the defendants and or Agents from harassing or otherwise retaliating as of the results of this suit and demands.

G. Reasonable attorney fees and cost of suit, as well as any other relief the court deems just.

_has caused further injury in loss of liberty, mental anguish physical injuries suffered during the wrongful imprisonment, psychological torture, pain and suffering, emotional stress, and deprivation of freedom as claims upon which relief can be granted._

_1. Plaintiff seperately and in addition seeks monetary damages for his mental and emotional distress, embarrassment, humiliation, psychological torture suffered during his five years of false imprisonment as a direct result of defendants deliberate ( seperate sheets attached )_

8. Do you request a jury or non-jury trial? (Check only one)

(✓ Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _20_ day of _April_____, 20 _15_

_Wedpens Jarskinir_

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).