<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| WEDPENS DORSAINVIL, | : | |
| | : | **Civil Action No. 15-3035 (ES)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STUART L. PEIM, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**SALAS, DISTRICT JUDGE**

Plaintiff Wedpens Dorsainvil ("Plaintiff"), a pre-trial detainee currently confined at the East Jersey State Prison in Rahway, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint.   (D.E. No. 2).

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.   For the reasons set forth below, the Court concludes that the Complaint must be dismissed.

## I.     BACKGROUND

Plaintiff names the following defendants in his Complaint: Honorable Stuart L. Peim, J.S.C.; James Donnelly, Assistant Union County Prosecutor; Theodore J. Romankow, Union

County Prosecutor; John and Jane Doe Sherriff's Officers; and Jane Doe, Court Clerk.   The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

On or about November 30, 2007, a Union County Grand Jury filed an indictment charging Plaintiff with multiple felony crimes.   (D.E. No. 1, Complaint ("Compl.") ¶ 6).   In July 2009, over the course of eight days, Judge Peim conducted Plaintiff's jury trial for those crimes.   (*Id.*).   During jury deliberations, a Sheriff's Officer answered a knock on the jury room door and observed a "heated argument" between jurors.   (*Id.*).   Sherriff's Officers were forced to intervene and physically separate three jurors.   (*Id.*).   This altercation occurred immediately, or almost immediately, after the jury reported to the judge that they were "hopelessly deadlocked."   (*Id.*).   The judge attempted to remedy the situation by providing supplemental instructions to the jury, which Plaintiff alleges were "wholly and facially ineffective given the level of violent discord that had occurred up to that point."   (*Id.*).   Specifically, the judge met with each juror individually and ordered him or her that they must return the following day to deliberate and they must treat one another with courtesy and respect.   (*Id.*).   Based on the physical altercation that occurred, Defense counsel moved for a mistrial, which Judge Peim denied.   (*Id.*).

After continuing to deliberate, the jury eventually acquitted Plaintiff of the murder charge, but found him guilty on all other counts.   (*Id.*).   Judge Peim sentenced Plaintiff to an aggregate term of forty-five years.   (*Id.*).   Plaintiff filed an appeal and the Appellate Division reversed the conviction, finding that the trial court erred when it failed to declare a mistrial after several jurors engaged in a physical altercation during deliberations.   (*Id.*).

In his Complaint, Plaintiff is seeking monetary relief for violations of his constitutional rights.[1]   (*Id.* at ¶ 7).

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient

---

[1]   The Court notes that Petitioner is also seeking injunctive relief in the form of release from confinement.   However, requests for release from confinement are not cognizable in a civil rights action and must be raised in a habeas petition.   *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")

[2]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3

(3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## 2.      Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States and, second, that the alleged deprivation

was committed or caused by a person acting under color of state law.   *See West v. Atkins*, 487

U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d

Cir. 2011).

---

Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B.      Analysis**

**1.      Judge Peim**

Plaintiff alleges that Judge Peim violated his constitutional right to be tried by an impartial jury when he ordered jurors to continue deliberating after two or more of them engaged in a physical altercation.   (Compl. ¶ 4(b)).   Based on the Judge's failure to declare a mistrial, Plaintiff alleged that he was wrongfully convicted and wrongfully imprisoned.   (*Id.*).

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.   *See Mireles v. Waco*, 502 U.S. 9, 9 (1991).   Judicial immunity can be overcome only for actions not taken in a judicial capacity, *id.*, or for actions taken in a complete absence of all jurisdiction, 502 U.S. at 11-12.   A judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority."   *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).   Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988).   Judicial immunity also shields judges from suit for injunctive relief.   *See* 42 U.S.C. § 1983 (state judges) (abrogating in part *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)).

Here, Plaintiff's claims against Judge Peim are based entirely on his actions during Plaintiff's trial: namely, the judge's failure to grant a mistrial after two or more of the jurors engaged in a physical altercation.   Certainly, the decision whether to grant a mistrial falls squarely within the category of activities undertaken in a judicial capacity, *see, e.g., Illinois v. Somerville*, 410 U.S. 458, 462 (1973); *Gori v. United States*, 367 U.S. 364, 367-68 (1961), and, therefore, is

5

the type of activity that judicial immunity was intended to protect.   Consequently, all claims against Judge Peim are dismissed with prejudice.[3]

### 2.      Prosecutors

Plaintiff alleges that Defendant Donnelly, an Assistant Union County Prosecutor, "acted in conspiracy with the trial court judge and his superior to deliberately deprive plaintiff a fair trial before an impartial jury, and ostensibly forced two or more combative jurors to continue deliberations in order to obtain a verdict, causing plaintiff to suffer loss of liberty and irrepairable [sic] damages."   (Compl. ¶ 4(c)).   Plaintiff alleges that Defendant Romankow, the Union County Prosecutor, "acted in concert with subordinate and trial court judge to deny plaintiff his constitutional rights to a fair trial by an impartial jury."   (*Id.* at ¶ 4(d)).   He further alleges that Defendant Romankow "was in the courtroom, have [sic] full knowledge of jurors engaging in a physical altercation during deliberations, and has the responsibility within his jurisdiction to advise and apply the proper corrective measures but willfully refuses to act."   (*Id.*).

It is well settled that "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).   The Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430–31, including use of false testimony and the decision to withhold exculpatory evidence while functioning as an advocate for the state.   *See Moore v. Middlesex Cnty. Prosecutor's Office*, 503 F. App'x 108, 109 (3d Cir. 2012).   Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares

---

[3] The Court notes that Plaintiff also alleges that the Judge "conspired" with prosecutors to deprive him of his constitutional rights.   That claim will be addressed in the next section.

to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application."   *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). *See also B.S. v. Somerset Cnty.*, 704 F.3d 250, 269 (3d Cir. 2013).   Prosecutorial immunity also extends to decisions to seek an indictment and preparing for the grand jury.   *See Ray v. New Jersey*, 219 F. App'x. 121, 125 (3d Cir. 2007).

Here, Plaintiff alleges that the prosecutors somehow violated his constitutional rights by failing to seek a mistrial on his behalf.   However, that is not the role of a prosecutor.   Plaintiff's own attorney sought a mistrial but the judge determined, in his discretion, that such a course of action was not necessary.   The prosecutor did not have an obligation to argue on Plaintiff's behalf. Rather, the prosecutors appropriately advocated for the position of the state in opposing the request for a mistrial.   All of prosecutorial actions identified by Plaintiff are without question "intimately associated with the judicial phase of the criminal process," and as such, are protected by prosecutorial immunity.   *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1504, 182 L.Ed.2d 593 (2012); *Imbler*, 424 U.S. at 430–31.   These claims will be dismissed with prejudice.

To the extent Plaintiff is attempting to allege a § 1983 conspiracy claim against Judge Peim and the prosecutor Defendants, Plaintiff has provided no facts to support such an assertion.   *See Twombly*, 550 U.S. at 556–57 (holding that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred"); *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184-85 (3d Cir. 2009) (a "'judicial conspiracy' claim must

7

include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal…").   Plaintiff bases his entire conspiracy claim on the fact that Judge Peim denied a mistrial.   Although this is the result the prosecutors sought, that certainly does not establish a conspiracy.   *See Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("a conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.")   Using Plaintiff's logic, every time a judge made a ruling in favor of one party, a conspiracy would then be established.   Certainly, that cannot be the case.   Therefore, any conspiracy claim Plaintiff intended to raise will be dismissed without prejudice.[4]

### 3.   Doe Defendants

Plaintiff alleges that various Doe Sheriff's Officers violated his rights because they were present in the courtroom and "witnessed the acts of misconduct."   (Compl. ¶ 4(e)).   Plaintiff also alleges that Jane Doe the court reporter witnessed what occurred in the courtroom and what was said by Judge Peim.   (*Id.* at ¶ 4(f)).   However, none of these allegations state a claim for a violation of Plaintiff's constitutional rights.   These Defendants were in no way involved in the proceedings other than to simply be present when Judge Peim presided over the trial.   Plaintiff has failed to allege any facts from which this Court could infer that the Doe Defendants violated

---

[4]  Plaintiff also identifies 42 U.S.C. § 1985 as a source for this Court's jurisdiction.   (Compl. ¶ 1(a)).   To state a claim under § 1985(3), a plaintiff must show, among other things "a conspiracy" that is "motivated by a racial or class based discriminatory animus."   *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).   As previously discussed, Plaintiff has failed to allege facts which would support any type of conspiracy claim and, certainly, he has not alleged any facts which would indicate that the conspiracy was motived by a racially discriminatory animus.

Plaintiff's rights.   *See Iqbal*, 556 U.S. at 678.   The claims against these Defendants will be dismissed without prejudice.

## III.   CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[5]   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[6]   An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5]   To the extent Plaintiff is attempting to raise any state law claims, *see* Compl. ¶ 1(a), the Court declines to exercise supplemental jurisdiction.   *See* 28 U.S.C. § 1367(c)(3) (when a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims).

[6] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*