| | |
|---|---|
| WEDPENS DORSAINVIL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STUART L. PEIM, et al.,<br><br>　　　　Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:15-cv-3035-ES-JAD<br><br>Civil Action<br><br>Document Electronically Filed |

_____

**BRIEF OF DEFENDANT CAROL GALLAGHER IN SUPPORT OF HER MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AGAINST HER FOR (1) FAILURE TO COMPLY WITH <u>FED. R. CIV. P.</u> 15(a) AND (2) FAILURE TO STATE A CLAIM PURSUANT TO <u>FED. R. CIV. P.</u> 12(b)(1) AND 12(b)(6)**
_____

Margaret Raymond-Flood, Esq.
NORRIS McLAUGHLIN P.A.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
Attorneys for Defendant, Carol Gallagher

On the Brief:
　　Margaret Raymond-Flood, Esq.
　　Candice H. Rienzo, Esq.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT STATEMENT OF FACTS AND PROCEDURAL HISTORY .............................. 3

LEGAL ARGUMENT .............................................................................................................. 6

    POINT I - PLAINTIFF'S SECOND AMENDED COMPLAINT AS AGAINST DEFENDANT GALLAGHER SHOULD BE DENIED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 15(a) ............................................................................ 6

    POINT II - PLAINTIFF'S CLAIMS AGAINST DEFENDANT GALLAGHER ARE BARRED BY THE APPLICABLE TWO-YEAR STATUTE OF LIMITATIONS ................................................................................................................... 7

    POINT III - PLAINTIFF'S SECOND AMENDED COMPLAINT AGAINST DEFENDANT GALLAGHER SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6). ................................................. 8

        A.    Plaintiff's Claim That Gallagher Demonstrated Deliberate Indifference To A Serious Medical Need Should Be Dismissed With Prejudice. ................................................................................................ 9

CONCLUSION ....................................................................................................................... 13

i

# **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................8, 9

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................8, 9

Colburn v. Upper Darby Twp.,
    946 F.2d 1017 (3d Cir. 1991)....................................................................................9, 10

Durmer v. O'Carroll,
    991 F.2d 64 (3d Cir. 1993)......................................................................................10, 11

Estelle v. Gamble,
    429 U.S. 97 (1976).......................................................................................................11

Farmer v. Brennan,
    511 U.S. 825 (1994).....................................................................................................10

Green v. Mazzone,
    2002 WL 1636709 (D.N.J. 2002) ...........................................................................11, 12

Inmates of Allegheny County Jail v. Pierce,
    612 F.2d 754 (3d Cir. 1979)........................................................................................12

Love v. New Jersey State Police,
    2016 WL 3046257 (D.N.J. 2016) .................................................................................7

Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro,
    834 F.2d 326 (3d Cir. 1987).........................................................................................10

Pearson v. Secretary, Dept. of Corrections,
    775 F.3d 598 (3d Cir. 2015).........................................................................................7

Rouse v. Plantier,
    182 F.3d 192 (3d Cir. 1999).....................................................................................9, 10

Sameric Corp. of Del., Inc. v. City of Philadelphia,
    142 F.3d 582 (3d Cir. 1998).........................................................................................7

Tsakonas v. Cicchi,
    308 F. App'x 628 (3d Cir. 2009) .................................................................................10

United States ex. rel Walker v. Fayette County, Pa.,
    599 F.2d 573 (3d Cir. 1979).........................................................................................11

Wilson v. Cartwright,
  557 F. Supp.2d 482 (D. Del. 2008) ..................................................................................10

## FEDERAL STATUTES

42 U.S.C. § 1983 ............................................................................................................1, 7

## STATUTES

N.J.S.A. 2A:14-2 ..................................................................................................................7

## RULES

Fed. R. Civ. P. 12(B)(1) AND 12(B)(6) .............................................................................8

Fed. R. Civ. P. 15(a) .......................................................................................................1, 6

Fed. R. Civ. P. 15(a)(2) ........................................................................................................6

## CONSTITUTIONAL PROVISIONS

Eighth Amendment ...........................................................................................4, 10, 11, 12

Fourteenth Amendment ...................................................................................................3, 6

**PRELIMINARY STATEMENT**

On July 15, 2019, Plaintiff Wedpens Dorsainvil ("Plaintiff") filed a Second Amended Complaint. The Second Amended Complaint filed is different in substance and form from the proposed Second Amended Complaint attached to Plaintiff's motion for leave to amend which the Court granted. Specifically, Plaintiff filed the Second Amended Complaint with a new claim for negligence. He did not have the written consent of the opposing parties to do so and did not have a Court Order granting him leave to file same. Therefore, Plaintiff's Second Amended Complaint is improper and must be dismissed for failure to comply with Fed. R. Civ. P. 15(a).

If the Court determines that the non-conforming Second Amended Complaint should nevertheless be considered filed, his claims against Defendant, Carol Gallagher ("Gallagher"), should be dismissed as time barred and for failure to state a claim. Plaintiff's claim of deliberate indifference is filed pursuant to 42 U.S.C. § 1983 which is controlled by a two-year statute of limitations. The only supposed wrongful conduct that Plaintiff attributes to Gallagher would have occurred in December 2012. Plaintiff filed his original Complaint in this action on May 21, 2015 and he did not name Gallagher as a defendant. When Plaintiff ultimately sued Gallagher, on December 3, 2015, approximately two years and six months had already passed since the time of Gallagher's alleged wrongful conduct and, as such, Plaintiff's claims against Gallagher are time-barred.

Plaintiff, who had been diagnosed with Bell's palsy, asserts that Gallagher acted with deliberate indifference when she allegedly failed to provide physical therapy to Plaintiff or treat the pain associated with his medical condition. Plaintiff's claim against Gallagher, however, fails as there are no facts alleged in the Second Amended Complaint to suggest Gallagher acted with criminal recklessness, disregarding a risk of harm of which she was aware. Instead, Plaintiff admits that Gallagher examined him in connection with his complaints, prescribed him

2

medications, and gave him an eye patch and eye drops.  Although Plaintiff asserts that he disagreed with Gallagher's decision to not provide physical therapy or a certain medication upon his request, his disagreement does not create a claim of deliberate indifference.  In fact, Plaintiff even admits that Gallagher explained to him why physical therapy would not be appropriate to treat his condition.  As such, Plaintiff fails to allege facts sufficient to substantiate a deliberate indifference claim against Gallagher.

Accordingly, the Second Amended Complaint should be dismissed with prejudice as to Gallagher.

## RELEVANT STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about May 21, 2015, Plaintiff filed the original Complaint in this matter, which included allegations concerning alleged constitutional violations related primarily to his rights to be tried by an impartial jury and to be free of wrongful imprisonment. Gallagher was not named as a defendant.[1]  See Docket Entry #1.  On December 3, 2015, Plaintiff filed the Amended Complaint against several defendants, only then including Gallagher as a defendant.  See Docket Entry #9.  Gallagher was purportedly served on or about August 7, 2018.  See Docket Entry #18.

Thereafter, on February 27, 2019, Plaintiff filed a motion seeking leave to file a second amended complaint.  See Docket Entry #39.  Attached to the motion was a blacklined version of Plaintiff's proposed pleading to add a new party, Hircham Alnachawati; extend his medical care claims to defendant Patrick Nogan; add a claim against all Defendants based on an alleged violation of Plaintiff's rights under the Fourteenth Amendment; and make other minor changes and additions throughout the pleading.  On April 1, 2019, the Court granted in part and denied in part Plaintiff's motion.  See Docket Entry #45.  Specifically, the Court denied the motion to the extent it sought leave to add claims for violation of Plaintiff's Fourteenth Amendment rights and to add claims against Nogan.  Id.  The motion was granted in all other respects and Plaintiff was ordered to "file a Second Amended Complaint that complies with the terms of" the Court's April 1, 2019 Order.  Id.

On July 15, 2019, Plaintiff filed a Second Amended Complaint, which was not the proposed Amended Complaint attached to Plaintiff's motion for leave to amend.  See Docket Entry #56.  In addition to making additional changes throughout the pleading that did not appear in the proposed pleading, Plaintiff added a negligence claim against the defendants.  This

---

[1] Although Plaintiff referred in his initial Complaint to being denied physical therapy, he made no claim against any defendant about this issue.

3

additional claim, never appeared in his motion for leave to file a Second Amended Complaint. Id.

The Second Amended Complaint asserts that Gallagher violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to Plaintiff's serious medical needs when she allegedly failed to order a certain medication and physical therapy to treat the pain associated with Plaintiff's Bell's palsy, which she diagnosed on December 17, 2012. Id. Although Plaintiff asserts his condition "was apparently not 'important' enough to receive adequate medical treatment," he admits that Gallagher provided him with treatment for Bell's palsy, including prescribing medication, supplying an eye patch and providing eye drops. Id. at ¶¶15-16.

According to the Second Amended Complaint, Plaintiff was seen "[a]fter a few weeks" for a follow-up appointment. Id. at ¶ 17. Plaintiff alleges the medication prescribed by Gallagher was ineffective since there was no improvement. Id. at ¶ 18. When Plaintiff requested another medication, Gallagher advised there were no other medications "but assured plaintiff he had nothing to worry about because, the condition normally corrects itself within 2-weeks to 6-months, but just in case, plaintiff was given another cycle of prednisone." Id. at ¶¶ 18-19.

In June of 2013, Plaintiff requested physical therapy after he complained of pain and involuntary facial twitching when he was talking or chewing. Plaintiff asserts, however, that the request was denied by "medical staff" because "there was nothing more that could be done, that [plaintiff] had to be 'patient' and wait for self-recovery." Id. at ¶¶ 24-25. Although Plaintiff does not state that he saw Gallagher at this time, or any other time other than the two visits mentioned above, Plaintiff alleges that "Defendant Gallagher[ ] claimed physical therapy would not work" and advised Plaintiff to massage his face in an upward motion to avoid further

4

drooping.  Id. at ¶ 27.  Plaintiff makes no allegation against Gallagher as to alleged conduct occurring after June 2013.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S SECOND AMENDED COMPLAINT AS AGAINST DEFENDANT GALLAGHER SHOULD BE DENIED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 15(A)

On April 1, 2019, the Court granted in part and denied in part Plaintiff's motion for leave to amend the complaint. See Docket Entry #45. Specifically, the Court denied the motion to the extent it sought leave to add claims for violation of Plaintiff's Fourteenth Amendment rights and to add claims against Nogan. Id. The motion was granted in all other respects to the extent Plaintiff sought to add a claim against Hircham Alnachawati and make other minor changes and additions throughout the pleading. Id. Plaintiff was ordered to "file a Second Amended Complaint that complies with the terms of" the Court's April 1, 2019 Order. Id.

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Second Amended Complaint that Plaintiff filed is not the proposed Amended Complaint attached to Plaintiff's motion that the Court previously granted Plaintiff leave to file. See Docket Entry #56. In addition to making other changes and additions throughout the pleading, Plaintiff added a negligence claim against the defendants, which he did not seek leave to file at any time. Id. Plaintiff's attempt to file the Second Amended Complaint, without the written consent of the opposing parties or a Court Order granting him leave to file same, is improper. Accordingly, Plaintiff's Second Amended Complaint must be dismissed in its entirety for failure to comply with Fed. R. Civ. P. 15(a).

## POINT II

## PLAINTIFF'S CLAIMS AGAINST DEFENDANT GALLAGHER ARE BARRED BY THE APPLICABLE TWO-YEAR STATUTE OF LIMITATIONS

According to Plaintiff's Second Amended Complaint, his claim of deliberate indifference against Gallagher is based on two separate incidents occurring on December 17, 2012 and a few weeks after that, while Plaintiff was incarcerated at New Jersey State Prison in Trenton, New Jersey. Plaintiff brings his claims under 42 U.S.C. § 1983, and such claims are subject to a two-year statute of limitations, as our courts have held that the same statute of limitations for personal injury claims under state law applies to § 1983 claims because personal injury law is most analogous to § 1983 claims. In New Jersey, N.J.S.A. 2A:14-2 provides a two-year statute of limitations for personal injury claims. Thus, in this case, Plaintiff's claims are subject to that same two-year limitations period. Pearson v. Secretary, Dept. of Corrections, 775 F.3d 598, 602 (3d Cir. 2015). A deliberate indifference claim accrues at the time of the alleged wrongdoing. Love v. New Jersey State Police, 2016 WL 3046257 at *10 (D.N.J. 2016). Although the dates are not clear from Plaintiff's Second Amended Complaint, the only alleged wrongdoing Plaintiff attributes to Gallagher occurred in December 2012 (and a few weeks after that) and in June 2013, and this is when Plaintiff's claim against Gallagher accrued. Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff filed his original Complaint on May 21, 2015 and did not name Gallagher as a defendant. By the time Plaintiff filed the Amended Complaint on December 3, 2015, approximately 2 years and 6 months had passed since the cause of action accrued against Gallagher. As Plaintiff failed to file this action within the two-year statute of limitations period,

his claims against Gallagher are time-barred and the Second Amended Complaint should be dismissed with prejudice.

POINT III

>PLAINTIFF'S SECOND AMENDED COMPLAINT AGAINST DEFENDANT GALLAGHER SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6).

A complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is 'plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In Iqbal, the court explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (quoting Twombly, 550 U.S. at 555).  To meet the Iqbal standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.  While the court must accept as true the Second Amended Complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. Id.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing Twombly, 550 U.S. at 556).  The plausibility standard requires showing more than "a sheer possibility that a defendant has acted unlawfully." Id.  It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked

8

assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "If the plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" Twombly, 550 U.S. at 547. Plaintiff's Second Amended Complaint against Gallagher does not meet this standard and should be dismissed.

A. PLAINTIFF'S CLAIM THAT GALLAGHER DEMONSTRATED DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiff alleges that Gallagher violated his Eighth Amendment right to receive adequate medical care based on her purported failure to provide physical therapy to Plaintiff or treat the pain associated with his medical condition of Bell's palsy in December 2012, a few weeks after that and in June 2013. To succeed on a deliberate indifference claim: (1) there must be an objectively serious medical condition; and (2) there must be a subjectively deliberate indifference to that condition on the part of prison officials. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In this matter, Plaintiff has not plead any facts to support either element to assert a sustainable deliberate indifference claim against Gallagher as set forth in detail below.[2]

 1. **Plaintiff has failed to allege facts that he suffered a serious medical need.**

"[T]he concept of a serious medical need...has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). First, "[t]he detainee's condition must be such that a failure to treat [it] can be expected to lead to <u>substantial and unnecessary suffering, injury, or death</u>." Id. (emphasis added). Second, "the condition must be

---

[2] Although the Court previously allowed the medical claims, in general, to proceed, Plaintiff does not specify sufficient facts against Gallagher.

9

one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Id. (citing Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)); see also Tsakonas v. Cicchi, 308 F. App'x 628, 632 (3d Cir. 2009). Therefore, the determination of "[t]he seriousness of an inmate's medical needs" is made by "reference to the effect of denying the particular treatment." Monmouth Cnty., 834 F.2d at 347.

Plaintiff's purported injury here, however, is not of the serious nature contemplated by the Eighth Amendment, as Plaintiff has not alleged any facts to show any denial of treatment by Gallagher that caused him either a life-long handicap or permanent loss; or that she unnecessarily and wantonly inflicted pain on Plaintiff. Rather, Plaintiff admits in his Second Amended Complaint, that he received treatment from Gallagher consisting of examinations, an eye patch, eye drops and medications. Therefore, Plaintiff failed to plead sufficient facts to establish the first prong of a deliberate indifference standard.

### 2. Plaintiff has failed to allege facts to show Defendant Gallagher was deliberately indifferent to his alleged medical condition.

With regard to establishing the second prong of a deliberate indifference claim, it is well-established that mere negligence or medical malpractice does not constitute deliberate indifference without some more culpable state of mind. Rouse, 182 F.3d at 197; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Specifically, deliberate indifference will only be shown where there is criminal recklessness, *i.e.* where the medical official in question has "disregard[ed] a risk of harm of which he is aware." Farmer v. Brennan, 511 U.S. 825, 837 (1994). See also Wilson v. Cartwright, 557 F. Supp.2d 482 (D. Del. 2008) (no deliberate indifference where the prisoner asked for and received treatment, and, when the first attempt at treatment was unsuccessful, further tests were performed and further medical care provided).

10

Furthermore, Plaintiff's mere disagreement with the course of treatment provided by a medical professional will not substantiate an Eighth Amendment claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex. rel Walker v. Fayette County, Pa., 599 F.2d 573, 575 n. 2 (3d Cir. 1979). "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). The Supreme Court has long held that the issue of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

For instance, in Green v. Mazzone, 2002 WL 1636709 (D.N.J. 2002), the court found that the prison doctor was not deliberately indifferent to the plaintiff prisoner's needs as alleged where the doctor provided diagnosis and treatment, but not the treatment requested by plaintiff. In Green, the plaintiff presented to the prison doctor with consistent complaints of pain in his right knee. Id. at *6. The doctor ordered x-rays, which the doctor believed showed no signs of arthritis. Therefore, the doctor ordered anti-inflammatory medication, but did not comply with plaintiff's requests for cortisone injections or a referral to a specialist as the doctor did not believe plaintiff's condition required such treatment. Id. The court concluded that "[t]he record demonstrates [the doctor] attempted to address plaintiff's continued pain by prescribing additional medications. Even if it is assumed that [the doctor] was negligent in his diagnosis or treatment of the plaintiff's condition, this conduct does not rise to the level of a constitutional violation." Id.

11

Plaintiff has failed to allege any facts to support his claim of deliberate indifference by Gallagher, or that she consciously disregarded a risk of harm of which she was aware. Although Plaintiff may disagree with Gallagher's professional assessment of his needs, this disagreement does not substantiate a claim of deliberate indifference. As in Green, Plaintiff's claim is based on his disagreement with Gallagher's decision not to order certain medications and the physical therapy Plaintiff requested. However, his disagreement does not rise to the level of deliberate indifference. Although Plaintiff may have preferred to receive physical therapy or a particular medication, his preference is not actionable. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (noting that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment … which remains a question of sound professional judgment" (citations omitted)). Therefore, Plaintiff failed to plead sufficient facts to establish the second prong of the deliberate indifference standard.

Accordingly, Plaintiff's Eighth Amendment claim of deliberate indifference against Gallagher should be dismissed with prejudice for failure to state a claim.

## **CONCLUSION**

      Based on the foregoing, Gallagher respectfully submits that her motion to dismiss the Second Amended Complaint against her with prejudice should be granted.

                                              NORRIS McLAUGHLIN, P.A.
                                              Attorneys for Defendant, Carol Gallagher

Dated: August 28, 2019                            By: _____
                                                   Margaret Raymond-Flood