<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEDPENS DORSAINVIL,<br><br>    Plaintiff,<br><br>v.<br><br>STUART L. PEIM, et. al.,<br><br>    Defendants. | Civil Action No. 15-3035 (ES) (JAD)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR PRO BONO COUNSEL** |

<u>**JOSEPH A. DICKSON, U.S.M.J.**</u>

    This matter comes before the Court upon Plaintiff's application for pro bono counsel pursuant to 28 U.S.C. § 1915 (d), (e)(1).  (ECF No. 59).  Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application.  After carefully considering Plaintiff's submission, as well as the balance of the docket in this matter; and

    **WHEREAS** this Court recognizes that civil litigants possess neither a constitutional nor statutory right to appointed counsel.  <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).  In some instances, however, the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants.  28 U.S.C. § 1915 (d), (e)(1); and

    **WHEREAS** the United States Court of Appeals for the Third Circuit has directed that, when evaluating a request for the appointment of pro bono counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law." <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993), <u>cert</u> <u>denied</u>, 510 U.S. 1996 (1994).  In his operative pleading,

Plaintiff alleges that Defendants failed to properly treat the Bells Palsy and related conditions (including extreme pain while talking or chewing) that Plaintiff developed while an inmate at New Jersey State Prison and, later, East Jersey State Prison. (Sec. Am. Compl. ¶¶ 9-48, ECF No. 56). Based upon those allegations, Plaintiff has asserted claims for both negligence and for violation of his Eighth Amendment rights (i.e., remaining deliberately indifferent to his serious medical needs). (Id. ¶¶ 48-49). Defendants Gallagher and Sumicad filed motions to dismiss Plaintiff's claims. (ECF Nos. 60-61). The Hon. Esther Salas, U.S.D.J. denied those motions by Order dated March 24, 2020. (ECF No. 72). Upon its review of Plaintiff's Second Amended Complaint, and in light of the analysis that Judge Salas set forth in Her Honor's March 24, 2020 Opinion, (ECF No. 71), the Court finds that Plaintiff's claims have facial merit; and

WHEREAS, in instances in which a plaintiff's claims arguably have merit, a court evaluating an application for the appointment of pro bono counsel should also consider: (1) the plaintiff's ability to present his or her case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery required and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf. Tabron, at 156; and

WHEREAS, Plaintiff listed the following when explaining his need for pro bono counsel:

> Plaintiff has only a high school equivalency education and no legal education. This is a complex case and I lack the familiarity with the rules of evidence into presentation of the proofs. I will require discovery of documents, subpoenas, and depositions of a number of witnesses and may not adequately be able to pursue said investigation based on Department of Corrections policy of safety and security risks.

> Furthermore, I am in an immigration removal process and will soon be transferred to an immigration facility.

(Pl. Motion at 2-3, ECF No. 59). Plaintiff anticipates that, if he is removed from the United States, he will lose any ability to investigate and prosecute his claims. (Id. at 4). Plaintiff also represented that he is unable to afford a lawyer, and that his attempts to obtain pro bono assistance elsewhere (e.g. legal services organizations) have been unsuccessful; (id. at 3); and

**WHEREAS** Plaintiff has actively litigated this matter on his own behalf, filing multiple iterations of his pleading and successfully opposing Defendants' motion to dismiss his Second Amended Complaint. While Plaintiff lacks a legal education and relevant experience, that in itself is not a sufficient basis for appointing pro bono counsel. If it was, the first and third Tabron factors would support appointment of counsel in every instance. Instead, the Court must evaluate each applicant's ability to present his or her case based on that applicant's track record to date. Here, Plaintiff has demonstrated some ability to generate coherent legal pleadings and briefing. Plaintiff has also successfully participated in a number of video status conferences with his opposing counsel and the undersigned. Nothing in the record indicates that Plaintiff might be unable to understand and utilize the rules governing the discovery process to further investigate his claims. While Plaintiff indicates that he may be removed from the United States, a circumstance that would certainly impede his ability to litigate this matter, that concern appears to be speculative at this point. With certain exceptions, which the Court will address separately herein, it is unclear whether Plaintiff might be unable to prosecute this case on his own behalf. The Court therefore finds that neither the first nor the third Tabron factors currently support Plaintiff's application for appointment of pro bono counsel; and

**WHEREAS**, the United States Court of Appeals for the Third Circuit has recognized that the "ultimate issue" in deliberate indifference cases is "relatively simple", such that a lay person

"should be able to comprehend what he has to prove." Parham, 126 F.3d at 459. The Parham court then observed, however, that "comprehension alone does not equal ability to translate that understanding into presentation. While the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved." Id. Thus, when considering the "case complexity" prong, the Third Circuit recognized that the Court's inquiry is twofold. The Court should consider both the complexity of the claim itself and the difficulty of obtaining and marshalling the evidence necessary to establish that claim. The Third Circuit has specifically recognized that "a § 1983 civil rights case alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel." Montgomery v. Pinchak, 294 F.3d 492, 502 (3d Cir. 2002). That complexity comes, in large part, from the fact that deliberate indifference cases often require expert testimony. Brathwaite v. Phelps, 734 F. App'x 114, 120 (3d Cir. 2018). The Court finds that this case likely involves such complexity. Plaintiff does not simply allege that Defendants failed to offer any medical care but, rather, that their ongoing failure to provide specific care (i.e., physical therapy) caused him harm. Plaintiff will almost certainly need expert testimony to establish his claims, and it would be all but impossible to locate, retain, and work with such an expert while incarcerated. Thus, the Court finds that both the second and fifth Tabron factors weigh heavily in favor of granting Plaintiff's application; and

    **WHEREAS**, based on the record, the Court is unable to determine whether Plaintiff's claims will depend on credibility determinations. See Parham 126 F.3d at 460 (While credibility is always important, the Third Circuit has stressed that, "when considering this factor, courts should determine whether the case [is] solely a swearing contest."). Therefore, the fourth Tabron factor does not currently support Plaintiff's application for appointment of pro bono counsel; and

4

**WHEREAS**, the Court finds, based upon a review of Plaintiff's application to proceed in forma pauperis, (ECF No. 1-2), that Plaintiff cannot afford to retain counsel on his own behalf. The Court therefore finds that the sixth Tabron factor supports Plaintiff's application for the appointment of pro bono counsel; and

**WHEREAS**, the Court finds that, on balance, the factors that the Third Circuit articulated in Tabron and Parham weigh in favor of granting Plaintiff's application for pro bono counsel; and

**WHEREAS** the United States Court of Appeals for the Third Circuit has recognized that "[t]he scarcity of pro bono counsel is important [to the determination of whether to appoint counsel], even if it is not among the delineated Tabron factors." Houser v. Folino, 927 F.3d 693, 700 (3d Cir. 2019). To that end, the Third Circuit has "cautioned that, '[i]n addition' to weighing the Tabron factors, 'courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity.'" Id. (quoting Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)). In this Court's experience, the amount of volunteer lawyer time available in this District pales in comparison to the need for such services. Even where the Court determines that the assistance of a pro bono attorney is vital and enters an order requesting appointment of counsel, it commonly takes several months, and sometimes well over a year, to locate attorneys who are willing and able to undertake such volunteer representation. Nevertheless, the Court finds that Plaintiff's need for the assistance of counsel in this case is sufficiently severe to override such concerns;

IT IS on this 30th day of March, 2020;

**ORDERED** that Plaintiff's application for pro bono counsel, (ECF No. 59), is **GRANTED**; and it is further

**ORDERED** that this case is referred to the Office of the Clerk of the Court for the appointment of an attorney from the Civil Pro Bono Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions.

**SO ORDERED**

s/ Joseph A. Dickson, U.S.M.J.<br>**JOSEPH A. DICKSON, U.S.M.J.**

cc:   Honorable Esther Salas, U.S.D.J.