NORRIS McLAUGHLIN, P.A.
Margaret Raymond-Flood, Esq.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
908-722-0700
Fax: 908-722-0755
Direct: 908-252-4228
Email: mraymondflood@norris-law.com
Attorneys for Defendants, Carol Gallagher and
Alejandrina R. Sumicad

|  |  |
|---|---|
| WEDPENS DORSAINVIL,<br><br>                    Plaintiff,<br><br>-vs-<br><br>STUART L. PEIM, et al.,<br><br>                    Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>CIVIL ACTION NO.: 2:15-cv-3035-ES-JAD<br><br>ELECTRONICALLY FILED<br><br>**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS, CAROL GALLAGHER AND ALEJANDRINA R. SUMICAD, TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

By way of Answer to Plaintiff's, Wedpens Dorsainvil's ("Plaintiff"), Second Amended Complaint, Defendants, Carol Gallagher ("Gallagher") and Alejandrina R. Sumicad ("Sumicad") (jointly "Defendants"), hereby say:

**JURISDICTION**

1.    These Defendants do not admit or deny the allegations contained in paragraph 1 of the Second Amended Complaint, as they set forth legal conclusions to which no response is required.

2.    These Defendants do not admit or deny the allegations contained in paragraph 2 of the Second Amended Complaint, as they set forth legal conclusions to which no response is required.

## PARTIES

3. These Defendants admit Plaintiff is currently in the custody of the New Jersey State Department of Corrections ("NJDOC") and has been incarcerated at New Jersey State Prison and East Jersey State Prison during the relevant time period alleged.

4. These Defendants admit that Gallagher is an Advanced Practice Registered Nurse employed by Rutgers, The State University of New Jersey, who was assigned to New Jersey State Prison for a specific period of time, but deny the remaining allegations contained in paragraph 4 of the Second Amended Complaint.

5. These Defendants admit that Sumicad is a Nurse Practitioner employed by Rutgers, The State University of New Jersey, who is assigned to East Jersey State Prison, but deny the remaining allegations contained in paragraph 5 of the Second Amended Complaint.

6. These Defendants do not admit or deny the allegations contained in paragraph 6 of the Second Amended Complaint, as they are not directed at these answering Defendants.

7. These Defendants do not admit or deny the allegations contained in paragraph 7 of the Second Amended Complaint, as they are not directed at these answering Defendants.

8. These Defendants do not admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint, as they set forth legal conclusions to which no response is required.

## FACTS

9. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     These Defendants do not admit or deny the allegations contained in paragraph 11 of the Second Amended Complaint as they are not directed at these answering Defendants..

### COUNT ONE: FAIURE TO ADMINISTER ADEQUATE MEDICAL REMEDY/DENIAL OF MEDICAL CARE

12.     These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     These Defendants admit that Plaintiff was seen by Gallagher on December 17, 2012 and her "assessment" was Bell's Palsy, but deny the remaining allegations contained in paragraph 14 of the Second Amended Complaint. To the extent that these allegations reference the Plaintiff's medical record, the record, as such, speaks for itself and these Defendants deny any characterization to the contrary.

15.     These Defendants admit that Plaintiff was provided Prednisone, Liquitear and an eye patch, but deny the remaining allegations contained in paragraph 15 of the Second Amended Complaint. To the extent that these allegations reference the Plaintiff's medical record, the record, as such, speaks for itself and these Defendants deny any characterization to the contrary.

16.     These Defendants deny that Plaintiff did not receive adequate medical treatment, but are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 16 of the Second Amended Complaint.

17.     These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Second Amended Complaint.

18.     These Defendants deny that the medications provided to Plaintiff were ineffective, but are without knowledge or information sufficient to admit or deny the allegations

contained in paragraph 18 of the Second Amended Complaint.

19. These Defendants deny the allegations contained in paragraph 19 of the Second Amended Complaint.  To the extent that these allegations reference the Plaintiff's medical record, the record, as such, speaks for itself and these Defendants deny any characterization to the contrary.

20. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of the Second Amended Complaint.

22. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Second Amended Complaint.

26. These Defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint.

27. These Defendants deny the allegations contained in paragraph 27 of the Second Amended Complaint.

28. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of the Second Amended Complaint.

29. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. These Defendants do not admit or deny the allegations contained in paragraph 30 of the Second Amended Complaint as they are not directed at these answering Defendants and they refer to a document, the content of which speaks for itself.

31. (Plaintiff mis-numbered the Second Amended Complaint by setting forth two paragraphs in a row as paragraph 31). These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the first paragraph 31 of the Second Amended Complaint.

31. (Plaintiff mis-numbered the Second Amended Complaint by setting forth two paragraphs in a row as paragraph 31). These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the second paragraph 31 of the Second Amended Complaint.

32. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 34 of the Second Amended Complaint.

35. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Second Amended Complaint.

36. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Second Amended Complaint.

37. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 37 of the Second Amended Complaint.

38. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 of the Second Amended Complaint.

39. These Defendants admit that Plaintiff was seen by Sumicad on or about June 24, 2015 for a sick call for complaints of dry eye secondary to Bell's Palsy, but deny the remaining allegations contained in paragraph 39 of the Second Amended Complaint. To the extent that these allegations reference the Plaintiff's medical record, the record, as such, speaks for itself and these Defendants deny any characterization to the contrary.

40. These Defendants admit that Sumicad prescribed liquitears and eye lubricant ointment, but deny the remaining allegations contained in paragraph 40 of the Second Amended Complaint. To the extent that these allegations reference the Plaintiff's medical record, the record, as such, speaks for itself and these Defendants deny any characterization to the contrary.

41. These Defendants deny the allegations contained in paragraph 41 of the Second Amended Complaint.

42. These Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 42 of the Second Amended Complaint.

43. These Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 43 of the Second Amended Complaint. To the extent Plaintiff is referring or relating to liability on the part of Sumicad, these Defendants deny the allegations contained in paragraph 43 of the Second Amended Complaint.

44. These Defendants deny the allegations contained in paragraph 44 of the Second Amended Complaint.

45. These Defendants deny the allegations contained in paragraph 45 of the Second Amended Complaint.

46. These Defendants deny the allegations contained in paragraph 46 of the Second Amended Complaint.

47. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 47 of the Second Amended Complaint.

48. These Defendants deny the allegations contained in paragraph 48 of the Second Amended Complaint that are directed at them, but are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph which are not directed at these answering Defendants.

## COUNT TWO: NEGLIGENCE

49. These Defendants deny the allegations contained in paragraph 49 of the Second Amended Complaint.

**WHEREFORE**, these Defendants demand judgment in their favor dismissing Plaintiff's Second Amended Complaint with prejudice, together with costs and such other and further relief as this Court deems equitable and just.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

At all times relevant hereto, these Defendants acted in good faith and without fraud or malice.

## SECOND SEPARATE DEFENSE

These Defendants did not deprive Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

### THIRD SEPARATE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(A).

### FOURTH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint fails to state a cause of action against these Defendants upon which relief can be granted, and these Defendants hereby reserve the right to move at or before the time of trial to dismiss said Second Amended Complaint.

### FIFTH SEPARATE DEFENSE

These Defendants are protected pursuant to N.J.S.A. 2A:53A-7 (New Jersey Charitable Immunity Act) for the claims asserted herein.

### SIXTH SEPARATE DEFENSE

Plaintiff has failed to set forth in the Second Amended Complaint any provision of the New Jersey Tort Claims Act which provides for liability of the public entity, and, therefore, Plaintiff's action is barred pursuant to N.J.S.A. 59:2-1.

### SEVENTH SEPARATE DEFENSE

Recovery is barred by Plaintiff's failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et. seq.

### EIGHTH SEPARATE DEFENSE

Plaintiff has failed to demonstrate that any public entity employee(s) was negligent and is, therefore, barred from recovery against the public entity pursuant to N.J.S.A. 59:2-2(a) and (b).

### NINTH SEPARATE DEFENSE

To the extent the Second Amended Complaint charges these Defendants with liability for

Plaintiff's injuries, based upon discretionary acts performed or omitted by these Defendants, recovery thereunder is barred under N.J.S.A. 59:2-3 and 59:3-2.

### TENTH SEPARATE DEFENSE

These Defendants are not liable for acts taken in good faith.

### ELEVENTH SEPARATE DEFENSE

These Defendants are not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. 59:3-3.

### TWELFTH SEPARATE DEFENSE

To the extent it is alleged, these Defendants did not act with willful misconduct.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's sundry failures to comply with the requirements of N.J.S.A. 59:8-3 bars this action.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's action is barred by his failure to comply with N.J.S.A. 59:8-4.

### FIFTEENTH SEPARATE DEFENSE

This action is barred by Plaintiff's failure to comply with the applicable Statute of Limitations.

### SIXTEENTH SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages contained in N.J.S.A. 59:9-2 and, therefore, any award must be reduced in accordance therewith.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to interest on any monetary award.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages against these Defendants.

## NINETEENTH SEPARATE DEFENSE

Plaintiff was contributorily and comparatively negligent and his claim for recovery must be reduced to the extent of his own negligence pursuant to N.J.S.A. 2A:15-1, *et seq.* and N.J.S.A. 59:9-4.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's allegations are barred by the doctrine of waiver.

## TWENTY FIRST SEPARATE DEFENSE

Plaintiff's action is barred by the doctrines of laches.

## TWENTY SECOND SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of collateral estoppel and/or equitable estoppel.

## TWENTY THIRD SEPARATE DEFENSE

These Defendants breached no duty to any party to this action and, therefore, are not liable directly or vicariously to any party in this action.

## TWENTY FOURTH SEPARATE DEFENSE

Any and all damages suffered by Plaintiff were due to Plaintiff's own negligence or that of third parties over whom these Defendants had no control.

## TWENTY FIFTH SEPARATE DEFENSE

No act or omission of these Defendants was the proximate cause of Plaintiff's injuries, and Plaintiff's own conduct constituted an intervening and superseding cause.

## TWENTY SIXTH SEPARATE DEFENSE

These Defendants acted as a reasonably prudent person at all relevant times.

## TWENTY SEVENTH SEPARATE DEFENSE

These Defendants acted in good faith at all relevant times.

## TWENTY EIGHTH SEPARATE DEFENSE

These Defendants are immune from civil liability for any damages sought by Plaintiff pursuant to N.J.S.A. 30:4-16 *et seq.*

## TWENTY NINTH SEPARATE DEFENSE

Plaintiff's action is subject to all affirmative defenses available pursuant to the Prison Litigation Reform Act of 1995.

## THIRTIETH SEPARATE DEFENSE

Plaintiff has failed to allege any facts which support a claim(s) under the federal or state constitutions, or under any federal, state, or local statutes or regulations.

## THIRTY FIRST SEPARATE DEFENSE

Plaintiff has not demonstrated deliberate indifference to a serious medical need.

## THIRTY SECOND SEPARATE DEFENSE

These Defendants reserve their right to amend their Answer and assert additional Separate Defenses as may become apparent during the course of discovery in this matter.

## THIRTY THIRD SEPARATE DEFENSE

To the extent Plaintiff asserts a claim(s) based on allegations of medical malpractice, these Defendants assert any and all defenses under the Affidavit of Merit Statute, N.J.S.A. 2A:53-27.

## THIRTY FOURTH SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9.

## THIRTY FIFTH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint contains insufficient information to permit Defendants to raise all appropriate defenses, and, therefore, these Defendants reserve the right to amend and/or supplement this Answer with additional affirmative defenses.

**WHEREFORE**, these Defendants demand judgment in their favor dismissing Plaintiff's Second Amended Complaint with prejudice, together with costs and such other and further relief as this Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

These Defendants hereby designate as trial counsel, Edward G. Sponzilli, Esq. and/or Margaret Raymond-Flood, Esq.

        **NORRIS McLAUGHLIN, P.A.**
        Attorneys for Defendants, Carol Gallagher and
        Alejandrina R. Sumicad

        By:   /s/ Margaret Raymond-Flood
              Margaret Raymond-Flood

Dated:  April 7, 2020